FILED

May 16 2012

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 12-0155

2012 MT 110

_____

A.C.,

      Petitioner,

    v.

MONTANA TENTH JUDICIAL DISTRICT COURT,
FERGUS COUNTY, HONORABLE E. WAYNE
PHILLIPS, Presiding,

      Respondent.

OPINION
AND
ORDER

_____

¶1    On March 9, 2012, Petitioner A.C., by counsel, filed a Petition for Writ of Supervisory Control seeking our exercise of control over Fergus County Cause Nos. DN 2012-1 and DN 2012-2. A.C. challenges the District Court's interpretation of § 3-1-804(1)(b), MCA, as it pertains to the timeliness of motions for substitution of district judges in child abuse and neglect proceedings (hereinafter DN cases). On March 21, 2012, we issued an Order taking A.C.'s petition under advisement pending the outcome of another petition for supervisory control that raised a similar question. That matter having been resolved by way of an Opinion and Order, we now address the question presented here.

¶2    On May 15, 2012, we issued our Opinion and Order in *D.H. v. Montana Fourth Jud. Dist. Ct.*, 2012 MT 106, ___ Mont. ___, ___ P.3d ___. In *D.H.*, we were asked to

1

address the timeliness of a motion for substitution of a district judge in two distinct types of cases: youth court proceedings, and matters on appeal to district court from a justice court. For present purposes, we focus on the youth court proceedings aspect of our Opinion and Order in *D.H.*

¶3 D.H. and J.H. were alleged to be delinquent youths. Both were served with summonses and directed to appear for a detention hearing, which they did with assigned counsel. The detention hearings served to determine whether probable cause existed that the youths were delinquent. *D.H.,* ¶ 17. If probable cause is determined, the youth court may grant leave to the State to file a petition charging the youth as delinquent. Section 41-5-1401(1), MCA. This occurred in the cases of both D.H. and J.H. Thus, following the detention hearings, the State's petitions and summonses were prepared and served on the youths, directing them to appear and answer the allegations of the petitions charging them as delinquent youths. In each case, the youths thereafter appeared in response to the petitions and summonses, and filed motions to substitute district judge pursuant to § 3-1-804(1)(b), MCA, within 10 days of their appearances. However, in both cases, the motions for substitution of judge were filed *more than* 10 days after the youths initially appeared in court for their respective detention hearings. The District Court concluded that the appearance of each youth for his detention hearing constituted his "initial appearance" for purposes of triggering the time period for substitution of district court judge and therefore the court denied both motions for substitution of judge as untimely. D.H and J.H. sought supervisory control.

¶4 Section 3-1-804(1)(b), MCA, provides:

(b) In a criminal action; a child abuse and neglect proceeding under Title 41, chapter 3; a youth court act proceeding under Title 41, chapter 5; or a mental health commitment proceeding under Title 53, chapter 21, part 1, a motion for substitution by the prosecution or the state must be filed within 10 calendar days after the district judge is assigned pursuant to subsection (2)(a). A motion for substitution by the defendant, parent, youth, or respondent must be filed within 10 calendar days after the defendant, parent, youth, or respondent makes an initial appearance in the district court.

¶5 In *D.H.,* we concluded that the District Court's determination that the detention hearing constituted the youth's "initial appearance" for purposes of § 3-1-804(1)(b), MCA, was erroneous. Equating a detention hearing with a probable cause hearing, we stated that "[a] 'probable cause' hearing does not constitute a youth's 'initial appearance' in court within the meaning of § 3-1-804(b), MCA. This probable cause hearing instead simply establishes whether the State may charge the youth as delinquent." *D.H.*, ¶ 17. We determined that the youths' "initial appearance" for purposes of the statute was the date each appeared in court to answer the allegations of the petitions alleging them to be delinquent youths. Therefore, we concluded that their motions for substitution of judge were timely.

¶6 In the matter before us, we are concerned with DN proceedings and not youth court proceedings. However, given that both types of proceedings are specifically addressed in § 3-1-804(1)(b), MCA, and given the analogous nature of the respective proceedings, we conclude our decision in *D.H.* is controlling here.

¶7 The DN proceedings in this case commenced with the filing of a Petition for Emergency Protective Services, Adjudication as Youth in Need of Care and Temporary Legal Custody on January 27, 2012. An Order to Show Cause and Notice of Show Cause

3

Hearing was filed on January 30. The respondent parent, A.C., was served with the show cause order on February 5, 2012, and on February 7, the Office of Public Defender filed a notice of appearance on behalf of A.C. A settlement conference was held on February 10, and the court then continued the show cause hearing until February 22. A.C. filed her motion to substitute judge on February 21, 2012. The District Court concluded that A.C.'s "initial appearance" under the statute was the date that counsel appeared, which was February 7, 2012, and that therefore the motion for substitution was untimely and must be denied. A.C. sought supervisory control.

¶8 Citing § 41-3-432(4), MCA, A.C. argues in her petition that the "initial appearance" in a DN case, as contemplated under § 3-1-804(1)(b), MCA, is the show cause hearing at which a parent is informed of the procedures to be followed in the case and of the various rights the parent has. These rights include the right of representation and notice regarding ICWA, if applicable. Importantly, § 41-3-432(4), MCA, further provides that the parent "must be given the opportunity to admit or deny the allegations contained in the petition at the show cause hearing." Moreover, § 41-3-432(2), MCA, provides that "[t]he person filing the petition has the burden of presenting evidence establishing probable cause for the issuance of an order for temporary investigative authority after the show cause hearing . . . ."

¶9 We conclude that for both youth court and DN cases, it is the hearing at which the parties appear in court to answer the allegations of the petition in question that constitutes the "initial appearance" for purposes of § 3-1-804(1)(b), MCA. In *D.H.*, we determined that the youth's "initial appearance" occurred on the date when the youth appeared

4

pursuant to summons "to answer the allegations of the petition." *D.H.*, ¶ 18. In the instant case, the "initial appearance" occurred when the parent appeared and was "given the opportunity to admit or deny the allegations contained in the petition[]." Section 41-3-432(4), MCA. Thus, it is the date upon which a parent first appears in court to answer the allegations of a DN petition that constitutes her "initial appearance" for purposes of the substitution statute.

¶10    A.C. moved for substitution of judge one day before the continued show cause hearing was set to occur. Two days later, the District Court entered its order declaring the motion to substitute untimely. We do not know if the show cause hearing has yet occurred; however, based upon the foregoing, we conclude that the District Court erred in determining that it was the date of appearance of counsel that started the clock running for purposes of a motion for substitution of judge in a DN proceeding. Therefore,

¶11    IT IS HEREBY ORDERED that A.C.'s Petition for Writ of Supervisory Control is GRANTED.

¶12    IT IS FURTHER ORDERED that this matter is remanded to the District Court for further proceedings consistent with this Opinion and Order.

¶13    The Clerk of this Court is directed to provide a copy of this Opinion and Order to all counsel of record and to the Hon. E. Wayne Phillips, Tenth Judicial District Court.

DATED this 16TH day of May, 2012.


/S/ PATRICIA COTTER

5

We concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ MICHAEL E WHEAT
/S/ JAMES C. NELSON
/S/ BRIAN MORRIS
/S/ JIM RICE